# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

B.J.G., individually and as Heir of the Estate
of Jonathan L. Graves, deceased, a minor by
and through the guardian of her Estate:
The Trust Company of Oklahoma, Inc.,

and

F.B.M., individually and as Heir of the Estate
of Jonathan L. Graves, deceased, a minor by
and through the guardian of her Estate:
Melissa S. Kirk,

        Plaintiffs,

v.

Rockwell Automation, Inc.,
a Delaware corporation;

The Court of Civil Appeals
State of Oklahoma, Division IV
by and through its Judges; and

The Supreme Court State of Oklahoma
by and through its Judges,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 11-CV-262-GKF-TLW

## OPINION AND ORDER

Before the court are the Motion to Dismiss of the Defendants the Court of Civil Appeals

State of Oklahoma, Division IV, by and through its Judges and the Supreme Court State of

Oklahoma, by and through its Judges ("State Court Defendants") [Dkt. #14] and the Motion to

Dismiss of Defendant Rockwell Automation, Inc. ("Rockwell"). [Dkt. #18].  The State Court

Defendants contend the court lacks subject matter jurisdiction of the matter, they are protected by Eleventh Amendment immunity and the requested relief is barred by the Anti-Injunction Act. Rockwell asserts lack of subject matter jurisdiction and contends this action is barred by the doctrine of *res judicata* and the applicable statute of limitations.

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of decisions by the Oklahoma Court of Civil Appeals, Division IV and the Oklahoma Supreme Court in a state court products liability case, *Michelle G. Graves, et al. v. Midwestern Equipment Co., et al.,* Case No. CJ-05-197, filed in Mayes County, Oklahoma, District Court.   The court is permitted to take judicial notice of state court proceedings in connection with motions to dismiss. *See Papasan v. Allain,* 478 U.S. 265, 268, n. 1 (1986); *Tal v. Hogan,* 453 F.3d 1244, 1265, n. 24 (10th Cir. 2006).

According to the petition filed in state court, plaintiffs' decedent Jonathan L. Graves, an employee of Catoosa Fertilizer Inc., was electrocuted while operating a crane at the Port of Catoosa in Catoosa, Oklahoma, on March 4, 2005.  [Dkt. #18, Ex. 1, First Amended Petition, ¶¶7-9].  Plaintiffs sued, inter alia, Rockwell, alleging the electrocution occurred because there was no shield covering an exposed 460-volt live terminal in a control cabinet designed, manufactured and installed by Rockwell.  [Dkt. #2, Complaint, ¶33].

The case was tried to a jury in April 2007, and resulted in a verdict for defendant Rockwell.  [Dkt. #18, Ex. 2, Judgment].  The state trial court granted plaintiffs' motion for new trial on January 2, 2008.  [Dkt. #2, Complaint, Ex. 5].  In his order, the trial judge detailed the alleged misconduct of Rockwell's attorney during trial, which he concluded wrongfully resulted in a defendant's verdict.  [*Id.*].  Rockwell appealed the decision.  [Dkt. #14, Ex. 1 at 9].  On October 6, 2009, the appellate court reversed the trial court's decision [Dkt. #14, Ex. 3], and on

February 25, 2010, after rehearing, it again reversed the trial court, finding the trial court had abused its discretion in granting the motion for new trial. [*Id.*]. The Supreme Court denied plaintiff's petition for writ of certiorari in June 2010, and mandate issued on October 22, 2010. [*Id.*].

In this lawsuit, plaintiffs contend their Fourteenth Amendment right of procedural due process was violated because they were "denied a fair trial." [Dkt. #2, Complaint, ¶8]. They seek declaratory judgment that the Court of Appeals violated their right to a fair trial when it reversed the trial judge's order granting a new trial, and the Oklahoma Supreme Court violated their rights to a fair trial and to procedural due process by denying their writ of certiorari [*Id.,* ¶¶100, 103]. They also seek an injunction requiring the appellate court to sustain the decision of the trial court, prohibiting it from reversing the trial court decision, or prohibiting it from taking any action that would interfere with plaintiffs proceeding to new trial [*Id.,* ¶101]; and an injunction prohibiting the Oklahoma Supreme Court from denying their "Constitutional right to the post deprivation remedy of a new trial as granted by the trial court." [*Id.,* ¶104]. They ask this court to enter a judgment in their favor and against Rockwell for compensatory damages, and to submit to a jury their claim for punitive damages. [*Id.,* ¶¶120-121].

### Subject Matter Jurisdiction

"Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir. 2005). Under 28 U.S.C. § 1257(a), "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had may be reviewed by the [United States] Supreme Court by writ of certiorari." Under the *Rooker-Feldman* doctrine, which is based on the statute, only the United States Supreme Court has

jurisdiction to hear appeals from final state court judgments. *See Guttman v. Khalsa,* 446 F.3d 1027, 1031 (10th Cir. 2006). The *Rooker-Feldman* doctrine applies "to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 1032, quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

This case is precisely the type of proceeding described in *Exxon Mobil* and *Guttman.* Plaintiffs complain of the state appellate court decision reversing the trial court's order granting their motion for new trial and the state Supreme Court's denial of their petition for writ of certiorari. This lawsuit was filed after certiorari was denied. Asserting constitutional violations, they seek to relitigate their underlying claim against Rockwell.

"[A] district court [can]not entertain constitutional claims attacking a state-court judgment, even if the state court [did] not pass directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment." *Mann v. Boatright,* 477 F.3d 1140, 1147 (10th Cir. 2007), quoting *Exxon Mobil* at 286, n.1. A claim is inextricably intertwined "if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995).

Plaintiffs' claims in this case are "inextricably intertwined" with the state courts' decision because the relief requested—declaratory judgment that the decisions violated plaintiffs' Fourteenth Amendment rights and an injunction prohibiting the state courts from blocking plaintiff's efforts to seek retrial—would effectively reverse the state courts' decision. Therefore, this action is barred by the *Rooker-Feldman* doctrine.

Additionally, the claims against the State Court Defendants are precluded by the Eleventh Amendment's grant of sovereign immunity to states. Under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief or money damages. *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1252 (10th Cir. 2007). A suit against a state official in his or her official capacity is the same as a suit against the state. *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir. 1992).

A state's immunity from suit by private individuals in federal court may be overcome in only three instances: (1) when the state consents to suit; (2) when Congress expressly abrogates the states' immunity; or (3) when the citizen sues a state official for prospective injunctive relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908). *Opala v. Watt,* 454 F.3d 1154, 1157 (10th Cir. 2006). Although the *Ex Parte Young* exception permits federal suits seeking to prospectively enjoin a state official from violating federal law, declaratory relief is not the "type of relief designed to prevent ongoing violations of federal law." *Johns v. Stewart,* 57 F.3d 1544, 1552-53 (10th Cir. 1995). "The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Id.* at 553 (quotation and citation omitted).

Plaintiff cannot establish any of the three exceptions. The state has not consented to suit, nor has Congress expressly abrogated the states' immunity. The *Ex Parte Young* exception does not permit the court to enter a judgment for retrospective declaratory relief. Therefore, the action

against the State Court Defendants is subject to dismissal based on defendants' Eleventh Amendment sovereign immunity.[1]

### *Res Judicata*/**Statute of Limitations**

Rockwell also asserts plaintiffs' claim is barred by the doctrine of *res judicata*. Under 28 U.S.C. § 1738, the federal court must refer to the law of the state in which judgment was rendered in order to determine the preclusive effect of the state court's judgment. *Marrese v. Am. Acad. of Orthopaedic* Surgeons, 470 U.S. 373, 380 (1985). Under Oklahoma law, the elements of *res judicata* are: "1) an identity of subject matter, of the parties or their privies, of the capacity of the parties and the cause of action; 2) the court which heard the original action must have been one of competent jurisdiction; and (3) the judgment rendered must have been a judgment on the merits of the case and not upon purely technical grounds." *Carris v. John R. Thomas & Assocs.,* 896 P.2d 522, 527 (Okla. 1995).

Plaintiffs seek to retry their products liability case against Rockwell. The first case was brought in Mayes County District Court, a court of competent jurisdiction. The case resulted in a jury verdict and judgment in favor of Rockwell. Plaintiffs' ability to appeal he state court judgment expired when the Oklahoma Supreme Court dismissed plaintiffs' most recent appeal. [Dkt. #18, Ex. 5]. Plaintiffs' claim for wrongful death/products liability is clearly barred by the doctrine of *res judicata*.

Additionally, plaintiffs' claim is barred by the applicable statute of limitations. Under Oklahoma law, the limitations period for a wrongful death claim is two years. 12 O.S. § 1053(A). The limitations period for a products liability action is also two years. *Kirkland v.*

---

[1] The State Court Defendants also assert this action is precluded by the so-called "Anti-Injunction Act," 28 U.S.C. § 2283, which prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court." However, since proceedings on the underlying state court case have concluded, the Anti-Injunction Act does not appear to be applicable.

*General Motors Corp.,* 521 P.2d 1353, 1361 (Okla. 1974); *Fuchs v. Fleetwood Homes of Texas,* 149 P.3d 1099, 1102 (Okla. Civ. App. 2006).

Graves died on March 4, 2005. The two-year limitations period expired on March 5, 2007. Plaintiffs filed this action on April 29, 2011—more than four years after the limitations period expired. Under Oklahoma's "savings statute," an action is saved from the bar of the statute of limitations when a plaintiff has obtained judgment and the judgment is later reversed, or when the plaintiff has timely filed the action and later fails "otherwise than upon the merits." 12 O.S. § 100. Here, plaintiff did not obtain a judgment. "A judgment is rendered on the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties, based on the ultimate facts or state of facts disclosed by the pleadings, and evidence upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions." *Pettyjohn v. Plaster,* 956 P.2d 948, 950 (Okla. Civ. App. 1998) (quotation and citations omitted). Judgment was entered in favor of defendant Rockwell pursuant a verdict in its favor following jury trial on the merits. Thus, plaintiffs' case failed based on the merits rather than on a technicality. Plaintiffs' claim against Rockwell is barred by the statute of limitations.

**Conclusion**

For the foregoing reasons, the State Court defendants' Motion to Dismiss [Dkt. #14] and Rockwell's Motions to Dismiss [Dkt. #18] are granted.

ENTERED this 5th day of January, 2012.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma